```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION
```

LANCE HOWARD, )
)
        Plaintiff, )
)
    vs. ) No. 1:17-cv-03324-TWP-TAB
)
NEW CASTLE CORRECTION, )
SUPERINTENDENT, )
KANEITH PHD, )
SEXTON L.T., )
E. LOWE, )
STANLEY KNIGHT, )
MILLER SGT., )
)
        Defendants. )

**Entry Discussing Second Post-Judgment Amended Complaint**

On September 16, 2017, the plaintiff filed this civil rights action. He named the following defendants: 1) New Castle Correction; 2) Superintendent; 3) Kaneith, Ph.D.; 4) Lt. Sexton; 5) E. Low; 6) Stanly [sic] Knight; and 7) Sgt. Miller. He alleged that in July 2017, Mr. Knight sent him to segregation in New Castle mental health. He alleges he was inappropriately placed in New Castle lock up and that Lt. Sexton, Mr. Low, and Dr. Kaneith forced his hands to be placed behind his back while at group meetings which lasted two hours. He alleges that as of the date of filing he was still in segregation even though he had not been charged with any conduct violations. The plaintiff moved to voluntarily dismiss this action on October 19, 2017, and the action was closed on October 24, 2017.

On October 27, 2017, the plaintiff moved to reinstate the complaint and amend his complaint. The action was not reopened but the plaintiff was given a deadline within which to file an amended complaint.

The plaintiff filed an amended complaint on November 15, 2017. Dkt. 17. None of the same defendants or facts were alleged in the amended complaint. Rather, the plaintiff alleged that Mr. Hartzel at Plainfield Correctional Facility ordered staff to place the plaintiff in trip gear restraints when he was transported for 16 hours, without any doctor's orders. The restraints were allegedly ordered to be removed at 9:27 a.m. but they were not removed until 5:36 p.m. This was an entirely different set of claims than originally brought in this case. The Court made no determination as to whether the allegations states a claim upon which relief can be granted because there was no basis on which to reopen this case. The plaintiff was directed to file a new civil rights action. The amended complaint filed on November 15, 2017, was of no effect and the action remained closed. Dkt. 18.

On December 4, 2017, the plaintiff filed another amended complaint. Dkt. 19. In this complaint, the plaintiff alleges that he was unlawfully sent to New Castle Correctional Facility where all of the cells are in segregation units. He seeks nominal, compensatory, and punitive damages.

A prisoner does not have a constitutional right to demand that he not be confined in any particular prison. *See Olim v. Waukinekona*, 461 U.S. 238, 245 (1983) (holding that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request.). Therefore, the plaintiff has failed to state a claim upon which relief can be granted. The plaintiff did not move to reopen the action, but having

reviewed the tendered amended complaint filed on December 4, 2017, the Court concludes that it is **of no effect.**

Accordingly, this action remains closed and will not be reopened.

**IT IS SO ORDERED.**

Date: 1/17/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LANCE HOWARD, 250494
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362